UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-24386-GAYLES

**DANIEL H. ALEXANDER**,

    Plaintiff,

v.

**ASHLAND R. MEDLEY,
JUDGE MICHAEL HANZMAN, and
BRIAN R. KOPELOWITZ**,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court on the following motions: (1) Defendant Brian R. Kopelowitz's ("Kopelowitz") Motion to Dismiss Amended Complaint for Interpleader and Declaratory Relief [ECF No. 10]; (2) Defendant Ashland R. Medley's ("Medley") Motion to Dismiss Amended Complaint with Prejudice [ECF No. 27]; and (3) Defendant Judge Michael A. Hanzman's ("Judge Hanzman") Motion to Dismiss [ECF No. 41] (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons that follow, the Court finds as follows: (1) Medley's Motion is granted; (2) Kopelowitz's Motion is granted; and (3) Judge Hanzman's Motion is denied as moot.

### BACKGROUND[1]

On December 20, 2021, *pro se* Plaintiff Daniel H. Alexander commenced this action against Medley and Judge Hanzman pursuant to 42 U.S.C. § 1983, alleging that his First, Fifth,

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

and Fourteenth Amendment rights were violated in relation to a foreclosure action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1]. In the original Complaint, Plaintiff alleged that he was denied access to a hearing on the foreclosure of his property in Plaintiff's underlying state court action. *Id.* On December 23, 2021, Plaintiff filed a second Complaint and Request for Injunction against Medley and Kopelowitz—but did not rename Judge Hanzman—related to the same state foreclosure action. [ECF No. 5]. In that pleading, Plaintiff alleged that a certificate of title against his property was filed in the underlying state court action without notice and that "the Defendants foreclose[d] on property in 2014 forged, fake[d], and redacted documents and fake assignments in the County Land Record . . . ." *Id.* at 4–5.

On December 27, 2021, Plaintiff filed an Amended Complaint for Interpleader and Declaratory Relief pursuant to 28 U.S.C. § 1335 against Medley and Kopelowitz—but again did not rename Judge Hanzman—alleging fraudulent assignment and transfer related to the mortgage property that was the subject of the foreclosure hearing. [ECF No. 8 at 6]. On January 3, 2022, Kopelowitz filed his Motion to Dismiss. [ECF No. 10]. On February 10, 2022, Medley filed his Motion to Dismiss. [ECF No. 27]. On March 21, 2022, Judge Hanzman filed his Motion to Dismiss. [ECF No. 41]. Since the filing of this action, Plaintiff has filed a flurry of unnecessary and/or frivolous motions against Defendants and their Motions, including three Motions to Strike, [ECF Nos. 12, 32, & 45], a Motion for Request for Production, [ECF No. 16], a Motion for Contempt, [ECF No. 19], and a Motion for Temporary Injunction, [ECF No. 22].[2]

---

[2] The Court cautions Plaintiff that it will not tolerate vexatious and/or abusive filings, and that it has the authority to dismiss this action without prejudice for failure to comply with the Court's orders, or to restrict Plaintiff's ability to file documents in this case for abuse of judicial process. *See Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Although appearing *pro se*, Plaintiff still must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon*,

**LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

**DISCUSSION**

Upon reviewing the Amended Complaint, as well as Defendants' Motions, the Court finds that dismissal is warranted. First, Plaintiff fails to establish that subject-matter jurisdiction exists over this matter. Second, the Amended Complaint fails to satisfy the pleading standards under

---

863 F.2d at 837 (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); S.D. Fla. L.R. 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*). Failure to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida may result in dismissal of the entire action. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 32 (1991). If Plaintiff continues to file frivolous pleadings, the Court will restrict his ability to file documents in this case. Further, Plaintiff's disregard of this Order will result in the dismissal of this action without prejudice.

3

Federal Rule of Civil Procedure 8(a) or the heightened pleading standard under Federal Rule of Civil Procedure 9(b). The Court discusses each reason in turn.

## I. Subject Matter Jurisdiction

The Amended Complaint fails to adequately invoke the Court's subject-matter jurisdiction. "Federal courts are courts of limited subject-matter jurisdiction." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citing *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)). Moreover, "subject-matter jurisdiction underlies a court's power to hear a case . . . [and] can never be forfeited or waived." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citations omitted). A district court's subject-matter jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA*, 844 F.3d at 1305 (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). A district court enjoys federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court also enjoys diversity "jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

Based on the allegations in the Amended Complaint, the Court cannot determine whether it has subject-matter jurisdiction over this matter; and, thus, this action must be dismissed. Plaintiff's claims for fraudulent assignment and transfer relate to a state foreclosure action and do not arise from a specific statutory grant, *see PTA-FLA, Inc.*, 844 F.3d at 1305 (citation omitted), nor do they arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Further, the Amended Complaint states that Plaintiff, Medley, and Kopelowitz are citizens

of Florida.[3] [ECF No. 8 at 4–5]. Because the parties are not completely diverse, diversity jurisdiction does not exist here. Therefore, the Amended Complaint shall be dismissed because Plaintiff fails to establish that the Court has subject-matter jurisdiction over this matter.

## II. The Amended Complaint Fails to Satisfy Federal Rules of Civil Procedure 8(a) and 9(b)

The Amended Complaint also fails to comply with the Federal Rules of Civil Procedure. To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Fraud-based claims—like the ones alleged in the Amended Complaint—are also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which is satisfied if the Amended Complaint states:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Woodley v. Royal Caribbean Cruises, Ltd.*, 472 F. Supp. 3d 1194, 1206 (S.D. Fla. 2020) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). "[T]o pass Rule 9(b) muster, the Complaint must set forth particular allegations about the 'who, what, when, where, and how' of the fraud." *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

---

[3] Neither the original Complaint, [ECF No. 1], nor the Amended Complaint, [ECF No. 8], specifically allege Judge Hanzman's state of citizenship. Presumably, Judge Hanzman is a citizen of Florida. Additionally, the Amended Complaint states that "all of the defendants live in Florida . . . ." [ECF No. 8 at 4].

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted).

The Court finds that the Amended Complaint fails to comply with the Federal Rules of Civil Procedure. "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[e] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the

public's respect for the courts." *Vibe Micro v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted).

Here, the Amended Complaint is a shotgun pleading composed of nothing more than barebones, conclusory allegations that fail to put Defendants on notice of the claims being brought against them. Specifically, Plaintiff fails to bring forth sufficient factual allegations to properly support the elements of his claims and improperly lumps claims and defendants, making it impossible for each Defendant to be on notice of what they are each liable for. *See Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) ("Shotgun pleadings are improper in that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." (citations and internal quotation marks omitted)); *Weiland*, 792 F.3d at 1321–22. As to Rule 9(b), the Amended Complaint fails to allege with any specificity "particular allegations about the 'who, what, when, where, and how' of the fraud." *Ceithaml*, 207 F. Supp. 3d at 1353 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)). Therefore, the Amended Complaint must be dismissed.

### III. The *Rooker-Feldman* Doctrine

The Court briefly notes that it appears that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) (citation omitted). The doctrine, named for *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because the Amended Complaint contains little to no factual allegations—or counts for that matter—the Court is unable to ascertain whether Plaintiff's claims are intertwined with the underlying foreclosure action. The Court notes, however, that Plaintiff's claims are likely barred if they are based on the underlying state foreclosure action, which Plaintiff has been warned of twice. *See, e.g.*, *Alexander v. Medley*, Case No. 21-CIV-24254, [ECF No. 5 at 6 n.4] (S.D. Fla. Dec. 7, 2021) ("The Court also observes that Plaintiff's claims may, as before, be barred by the *Rooker-Feldman* doctrine. . . . Some elements of Plaintiff's filings suggest he is seeking to enjoin the foreclosure of his property after the state court granted Defendants' foreclosure petition and denied his numerous emergency motions, motions to vacate, and motions to reconsider." (citations omitted)); *Alexander v. Bayview Loan Servicing, LLC*, No. 15-CIV-24768, 2016 WL 5339371, at *1 (S.D. Fla. Jan. 20, 2016) ("Having lost in state court, however, Plaintiff cannot come to this Court to seek relief that he was unable to get in that venue. Accordingly, this case is dismissed . . . pursuant to the *Rooker-Feldman* doctrine.").

**IV.   Judge Hanzman's Motion to Dismiss**

Finally, because Judge Hanzman is not a named defendant in the Amended Complaint—the operative complaint here—his Motion to Dismiss shall be denied as moot. However, the Court briefly notes that any claims Plaintiff raises against Judge Hanzman would fail as a matter of law because Judge Hanzman is entitled to absolute judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). As the Eleventh Circuit has repeatedly explained, "[j]udges are entitled to absolute judicial

immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (internal quotation marks omitted) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

Here, any claims against Judge Hanzman would fail for two reasons. First, Plaintiff has never alleged that Judge Hanzman acted in clear absence of all jurisdiction during the state foreclosure proceeding such that it would defeat judicial immunity. *See id.* Second, another federal judge in this District found that "[b]ased on the allegations (or, more accurately, lack thereof) in Plaintiff's filings, the Court discerns that Plaintiff seeks to attack Judge Hanzman's decisions in a separate foreclosure proceeding. Because Judge Hanzman issued his decisions in his judicial capacity, he is entitled to absolute judicial immunity." *See Alexander*, Case No. 21-CIV-24254, [ECF No. 5 at 4 n.3] (dismissing claims "of some type of fraud in an underlying foreclosure action" brought by Plaintiff against Judge Hanzman based on the doctrine of absolute judicial immunity). Thus, Plaintiff's claims against Judge Hanzman would be barred by claim preclusion. *See Watkins v. Elmore*, 745 F. App'x 100, 103 (11th Cir. 2018) (per curiam) ("[C]laim preclusion bars relitigation not only of claims raised but also claims that could have been raised," and "applies to proceedings in different cases." (citations and internal quotation marks omitted)).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Brian R. Kopelowitz's Motion to Dismiss Amended Complaint for Interpleader and Declaratory Relief, [ECF No. 10], is **GRANTED**.

2. Defendant Ashland R. Medley's Motion to Dismiss Amended Complaint with Prejudice, [ECF No. 27], is **GRANTED**.

3. Defendant Judge Michael A. Hanzman's Motion to Dismiss, [ECF No. 41], is **DENIED as moot**.

4. Plaintiff's *pro se* Motion to Strike, [ECF No. 12], is **DENIED**.

5. Plaintiff's *pro se* Motion Request for Production, Under Rule 26(a)(1) of the Federal Rule of Civil Procedures, [ECF No. 16], is **DENIED without prejudice**.

6. Plaintiff's *pro se* Motion for Contempt, 28 U.S.C. § 1446(d) and under the U.S. Code § 1443(1) & (2), [ECF No. 19], is **DENIED**.

7. Plaintiff's *pro se* Motion for Temporary Injunction, [ECF No. 22], is **DENIED without prejudice**.

8. Plaintiff's *pro se* Motion to Strike, [ECF No. 32], is **DENIED**.

9. Plaintiff's *pro se* Motion to Strike, [ECF No. 45], is **DENIED**.

10. Plaintiff's Amended Complaint for Interpleader and Declaratory Relief, [ECF No. 8], is **DISMISSED without prejudice** as to Defendants Brian R. Kopelowitz and Ashland R. Medley.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of April, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE